**METAL LATHERS LOCAL 46 FUND, et al., Plaintiffs,**

v.

**LaSTRADA GENERAL CONTRACTING CORP., M.R. Faraday, Inc., and Margaret R. Faraday, Defendants.**

**No. 94 Civ. 5568(WK).**

United States District Court, S.D. New York.

Oct. 2, 1995.

Richard Markowitz, Markowitz & Richman, Philadelphia, PA, for Plaintiffs.

Peter G. Albert, Englander & Albert, Mineola, New York, for Defendants.

*MEMORANDUM AND ORDER*

WHITMAN KNAPP, Senior District Judge.

This is an action brought under ERISA and the Labor Management Relations Act by plaintiff employee benefit funds for the recovery of employee benefit contributions due for work performed by members of Local 46 on two construction projects. Plaintiff moves now for summary judgment against defendant Faraday, the employer. For the reasons that follow, we grant the motion as to the issue of liability.

The uncontested facts are as follows: On July 7, 1993, Local 46 ("the Union") and defendant entered into a Memorandum of Agreement pursuant to which defendant agreed to be bound to all terms and conditions of employment set forth in the Union's collective bargaining agreement. Among those terms and conditions was the obligation that the defendant file monthly contribution report forms and pay employee benefit contributions to the plaintiff funds. In the event that a dispute arose as to whether contributions were due, the agreement provides that the dispute shall be adjudicated by the Trade Board and that the Board's decision shall be final and binding on the parties thereto.

Defendant employed journeymen lathers represented by the Union on two construction projects. After initially bringing suit against a general contractor who had in fact sub-contracted to defendant all the work at issue here, plaintiff made a demand upon defendant for payment of all contributions due on the two projects. Defendant claimed that it was not responsible for such contributions, so plaintiff brought the case to the Trade Board.

Notices of a hearing scheduled for November 16, 1994 were sent by the Board to all parties in interest. The defendant admits receiving the notice on November 15, 1994. The return receipt of the notice of the hearing indicates that delivery was made on November 14, 1994. Defendant did not, however, appear at the hearing.

After hearing evidence presented by plaintiff, and reviewing the general contractor's construction logs and records, a panel of three union representatives and four employer representatives determined that defendant was liable for the contributions owed. Subsequent to this decision, plaintiff demanded that defendant comply with the Board's decision. When defendant did not fully do so, plaintiff commenced the instant action.

Aside from the fact that there seem to be no material issues in dispute, plaintiff makes two legal arguments for summary judgment: first that under ERISA, it is entitled to the contributions; and second that under the LMRA, defendant is bound by the decision of the Trade Board. Defendant concedes these points of law.

However, defendant raises two defenses. First, defendant argues that it did not receive notice of the Trade Board hearing in time to ask for an adjournment of the hearing. As a result, defendant argues that the determination of the Board should be set aside. Given that defendant had at least one day, and maybe two days in which to request such an adjournment, this argument is not persuasive. Second, defendant claims that it has already made partial payment of the amount owed. In response, plaintiff has agreed to adjust the amount it seeks to recover.

We accordingly grant plaintiff's motion for summary judgment on the question of defendant's liability for the contributions owed. We direct that the parties attempt to agree on the actual amount. If they have not done so on or before fourteen days from the date of this order, we shall refer this matter to a Magistrate Judge to resolve whatever dispute remains.

On the question of attorneys fees, plaintiff is clearly entitled by law to recover. If the parties cannot agree on the amount of fees, my chambers will arrange a conference to discuss the matter.

SO ORDERED.